Filed 4/4/24  P. v. Phillips CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C099448 |
| Plaintiff and Respondent, | (Super. Ct. No. 62159212) |
| v. | |
| ANDREA KATHLEEN PHILLIPS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Andrea Kathleen Phillips filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

BACKGROUND

On May 17, 2018, defendant resolved case No. 62-159212 by pleading no contest to theft from an elder or dependent (Pen. Code, § 368, subd. (d)(1))[1] in exchange for a four-year grant of formal probation. She stipulated to the factual basis that she committed theft and embezzlement by taking $4,092 from two elderly victims as detailed further in Placer County Sheriff's Office report No. SO18001448. The plea agreement also resolved three pending petitions for violation of probation in three other cases and contemplated that defendant would enter residential drug treatment.

On June 21, 2018, the trial court suspended imposition of sentence and placed defendant on formal probation for a period of four years with specified terms and conditions, including that she serve 60 days in custody, which could be satisfied through residential drug treatment. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended probation revocation restitution fine (§ 1202.44), a $30 conviction assessment fee (Gov. Code, § 70373), and a $40 court operations assessment fee (§ 1465.8). The court issued a 10-year protective order in favor of the victims. Defendant was also sentenced to additional custody time in her three other probation cases, which could also be satisfied in residential treatment.

Defendant's term of probation was extended one year so that it would expire on July 21, 2023. On March 15, 2023, the People filed a petition to revoke defendant's probation alleging she violated her probation by failing to obey all laws (counts 1-5), and the trial court summarily revoked probation the next day.

On August 3, 2023, defendant waived her right to a contested probation revocation hearing and admitted (1) violating the law by possessing or receiving forged money (§ 475, subd. (a)) and (2) failing to report to probation (a count added as a result of the

---

[1] Further undesignated statutory references are to the Penal Code.

plea deal); in exchange, she would receive a local prison sentence of two or three years. These admissions were also found to constitute violations of probation in one other case.

On August 31, 2023, the trial court sentenced defendant to the midterm of three years in local prison without a split term, with 224 actual days plus 224 conduct days for 448 total days custody credit. The court confirmed the original fines and fees and lifted the previous suspension on the $300 probation revocation restitution fine.

On September 5, 2023, defendant filed a request in propria persona that the trial court review her custody credit award, arguing her credits were erroneously calculated. The court denied the request, subject to defendant's identification of the specific errors in calculation.

Defendant timely appealed and did not request a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

/s/
_____
Duarte, Acting P. J.

We concur:

/s/
_____
Mesiwala, J.

/s/
_____
Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4